## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JORDAN F. HEATH-HAMILTON,

         Plaintiff,

   v.

JORDAN HEATH TRUST, et al.,

         Defendants.

CIVIL ACTION NO. 4:20-CV-01243

(MEHALCHICK, M.J.)

### MEMORANDUM

Presently before the Court is a Complaint filed by *pro se* prisoner-Plaintiff Jordan F. Heath-Hamilton (hereinafter referred to as "Plaintiff") on July 20, 2020. (Doc. 1) In his Complaint, Plaintiff seeks $100,000.00 per hour for "being placed [on] public display without just compensation. (Doc. 1, at 4). At the time he filed his Complaint, Plaintiff was incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"), located in Centre County, Pennsylvania. (Doc. 1, at 2).

The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that it lacks jurisdiction over the claims alleged in the Complaint and grants Plaintiff leave to amend.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Heath-Hamilton, proceeding *pro se*, initiated the instant action by filing a complaint in this matter on July 20, 2020. [1] (Doc. 1). Plaintiff's Complaint alleges that on July 2, 2018, "the

---

[1] Heath-Hamilton also filed a motion for leave to proceed *in forma pauperis* (Doc. 5), which shall be granted.

persons of Jordan Heath, Trust agreed to pay my persons $100,000.00 an hour for the public display of our private persons being used and placed at public display but refused to pay what is owed nunc pro tunc." (Doc. 1, at 3). Plaintiff seeks an award of payment to compensate him for his services. (Doc. 1, at 4).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e) to screen the Complaint and dismiss it if it fails to state a claim upon which relief can be granted.

## II.   DISCUSSION

### A.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is obligated, prior to service of process, to screen a civil complaint when the action is brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Because Plaintiff is a prisoner bringing his suit *in forma pauperis*, 28 U.S.C. § 1915(e)(2) applies. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips v. [County*

2

> *of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In order to state a valid cause of action a plaintiff must provide some factual ground for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When it comes to the factual grounds, however, a court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

3

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. LACK OF JURISDICTION

Plaintiff's claim arises from an alleged breach of contract. (Doc. 1, at 3). Plaintiff asserts that Defendants agreed to pay him a certain amount of money in exchange for his "private persons being used and placed at public display." (Doc. 1, at 3). Plaintiff avers that Defendants "refused to pay what is owed." (Doc. 1, at 3).

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Though Plaintiff claims certain Constitutional rights were violated, the factual allegations of his Complaint make clear the he is asserting a state law breach of contract claim. (Doc. 1, at 3). Plaintiff was allegedly wronged when he formed an agreement with Defendants and Defendants "refused to pay what is owed." (Doc. 1, at 3). As such, the District Court may exercise jurisdiction over this claim only if diversity jurisdiction is properly plead.

"Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)). Here, though the amount in controversy ($100,000 per hour) is sufficient to meet the diversity jurisdiction threshold, there is no indication in Plaintiff's Complaint that the action is between citizens of different states. (Doc. 1); *see McCann*, 458 F.3d at 286. Because Plaintiff alleges facts which would support only a state law breach of contract claim, and because Plaintiff has not plead facts which would support diversity jurisdiction, Plaintiff must bring his claim in state court rather than Federal court. *See Muchler v. Greenwald*, 624 F. App'x 794 (3d Cir. 2015).

C. LEAVE TO AMEND

Keeping in mind that a document filed *pro se* is "to be liberally construed" and further, that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Therefore, the Court will grant Plaintiff leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. The amended complaint must consist of concise and direct statements alleging and describing a specific act(s) which, if true, establish violation(s) of Constitutional or Federal law. *See* 28 U.S.C. § 1331. If seeking diversity jurisdiction in Federal court, Plaintiff must allege facts establishing that the matter in controversy is greater than $75,000 *and* that the Plaintiff and the Defendants are citizens of different states. 28 U.S.C. § 1332(a)(1).

III. **CONCLUSION**

Based on the foregoing, the Court grants Plaintiff's motion for leave to file *in forma pauperis* (Doc. 5) but finds that this Court lack jurisdiction over his Complaint as it is currently plead. (Doc. 1). The Court grants Plaintiff leave to file an amended complaint within **30 days** from the date of the Order filed concurrently with this memorandum.

An appropriate Order follows.

**Dated: August 18, 2020**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**